**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
RENZER BELL,

              Plaintiff,                         18-CV-2846 (PAE) (OTW)

        -against-                  **REPORT AND RECOMMENDATION**

JOHN CAREY, et al.,

              Defendants.
-----------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

**To the Honorable PAUL A. ENGELMAYER, United States District Judge,**

All the Defendants in this action have failed to appear and, in July 2019, the Clerk of Court issued certificates of default against them. *See* ECF 42-48.

However, Plaintiff has yet to move for default. This Court first ordered that Plaintiff move for default by August 12, 2019. (ECF 49). In August 2019, I granted an extension to file the motion for default to October 3, 2019 and warned Plaintiff "that this case has been moving at a sluggish pace, and failure to file a motion for default by October 3 may result in the Court recommending dismissal for failure to prosecute." (ECF 51). I granted a third extension to November 4, 2019 for the motion due to disruptions caused by Hurricane Dorian. (ECF 54). On November 20, 2019, I issued an order for Plaintiff to show cause "why he has failed to comply with the Court's order to file a motion for default judgment." (ECF 57). Plaintiff responded, arguing that he determined that amending the Complaint, by adding new claims, would be his best remedy. (ECF 58).

On July 1, 2020, I denied the motion to amend and further directed Plaintiff to file a motion for default judgment by July 31, 2020. (ECF 60). I warned that failure to timely file may result in a recommendation of dismissal for failure to prosecute. (ECF 60). On July 14, 2020, Plaintiff moved for an extension of time to file Federal Rule of Civil Procedure ("Rule") 72(a) objections to my denial of his motion to amend. (ECF 61 (entered July 15, 2020)). Judge Engelmayer granted the request, extending the time to object to October 12, 2020. (ECF 64). To date, Plaintiff has not neither filed his objections nor moved for a default judgment.

Courts have the power, under Rule 41, to dismiss a case for failure to comply with court orders, treating such noncompliance as a failure to prosecute. *See Simmons v. Abuzzo*, 49 F.3d 83, 87 (2d Cir. 1995). A dismissal for failure to prosecute may be ordered *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001) (noting that "[a]lthough the text of Fed.R.Civ.P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant . . . fails to comply with legitimate court directives." *Robinson v. Sposato*, No. 13-CV-3334 (JFB) (WBW) , 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014). In considering whether to dismiss an action, courts in this district consider five factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). No one factor is dispositive in making this determination. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

These facts weigh heavily towards dismissal in this case. First, Plaintiff has failed to move for a default judgment for almost two years. Although in that period Plaintiff filed a motion to amend, Plaintiff has neither objected to the July 2020 order denying that motion nor moved for a default judgment. Second, Plaintiff received notice in August 2019 and July 2020 that failure to timely file a motion for default judgment may result in a recommendation of dismissal for failure to prosecute. *See* ECF 51, 60. Third, having presided over this case for three years, "the court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Chen v. Patel*, No. 16-CV-1130 (AT) (SDA), 2019 WL 276836, at *15 (S.D.N.Y. July 2, 2019). Fourth, Plaintiff has received ample notice from the Court that he should file a motion for a default judgment. *See* ECF 49, 51, 57, 60. Fifth, in light of Plaintiff's continued non-compliance, the Court does not believe a lesser sanction will be effective. In sum, the *Baffa* factors weigh in favor of dismissing this action for failure to prosecute. *See Chen*, 2019 WL 276836 at *15 (dismissing complaint for failure to prosecute as to defaulting defendants); *Top Rank, Inc. v. Pollos A Las Brasa*, No. 01-CV-5890 (SJ), 2004 WL 2039817, at *1 (E.D.N.Y. Sept. 7, 2004) (dismissing complaint for failure to prosecute when the plaintiff twice failed to file a motion for default judgment by the date set by the Court).

Accordingly, I recommend that the action be **dismissed without prejudice for failure to prosecute**.

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written

objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable Paul A. Engelmayer, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Engelmayer.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff.

Respectfully submitted,

_s/ Ona T. Wang_

Dated: April 12, 2021  
New York, New York

**Ona T. Wang**  
United States Magistrate Judge