UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENZER BELL,

                                    Plaintiff,

                    -v-

JOHN CAREY et al.,

                                    Defendants.

18 Civ. 2846 (PAE) (OTW)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On March 29, 2018, *pro se* plaintiff Renzer Bell filed this breach-of-contract action against defendants John Carey, Dancy Auto Group, LLC, Great Neck Auto Sales, LLC, Macky Dancy Enterprises, LLC, Tyrone Hill, and Macky Dancy, who executed several agreements to purchase Range Rovers from Bell. Dkt. 1. On April 5, 2018, this Court referred the case to the Hon. Ona T. Wang, United States Magistrate Judge. Dkt. 3. On April 12, 2021, Judge Wang issued her Report and Recommendation recommending that the case be dismissed for failure to prosecute. Dkt. 65 ("Report"). On April 29, 2021, Bell filed his objections to the Report. Dkt. 66. For the reasons that follow, the Court adopts the Report in its entirety.

## I.    Background

The following summary is primarily drawn from the Report's account of the facts and procedural history, to which Bell does not object. This summary reflects a liberal construction of Bell's submissions, in light of his *pro se* status. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Defendants in this action have failed to appear. In July 2019, the Clerk of Court issued certificates of default against them. Dkts. 42–48. However, by April 12, 2021, Bell had failed to move for default. On July 22, 2019, Judge Wang ordered that Bell move for default by August

12, 2019. Dkt. 49. On August 16, 2019, Judge Wang granted an extension to file the motion for default to October 3, 2019 and warned Bell "that this case has been moving at a sluggish pace, and failure to file a motion for default by October 3 may result in the Court recommending dismissal for failure to prosecute." Dkt. 51. On October 7, 2019, Judge Wang granted a third extension for the motion, to November 4, 2019, due to disruptions caused by Hurricane Dorian. Dkt. 54. On November 20, 2019, Judge Wang issued an order for Bell to show cause "why he has failed to comply with the Court's order to file a motion for default judgment." Dkt. 57. On December 19, 2019, Bell responded, arguing that he determined that amending the Complaint, by adding new claims, would be his best remedy. Dkt. 58. He moved to do so. *Id.*

On July 1, 2020, Judge Wang denied the motion to amend and further directed Bell to file a motion for default judgment by July 31, 2020. Dkt. 60. Judge Wang warned that failure to timely file may result in a recommendation of dismissal for failure to prosecute. *Id.* On July 14, 2020, Bell moved for an extension of time to file objections to the denial of his motion to amend under Federal Rule of Civil Procedure 72(a). Dkt. 61. On July 30, 2020, Judge Wang granted the request, extending the time to object to August 26, 2020. Dkt. 62. On August 26, 2020, Bell submitted another request to extend the time to file objections to the denial of his motion to amend. Dkt. 63. That day, Judge Wang granted the request, cautioning that further requests for extensions were unlikely to be granted. Dkt. 64. By April 12, 2021—over a year-and-a-half later—Bell had failed to file objections or move for default judgment. Accordingly, Judge Wang issued her Report recommending that the case be dismissed for failure to prosecute. Dkt. 65. On April 29, 2021, Bell submitted his objections to the Report. Dkt. 66.

2

## II.     Legal Standards

### A.     Standard of Review for a Report and Recommendation

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. U.P.S.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review a Report and Recommendation strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012).  This is so even in the case of a *pro se* plaintiff. *See Dickerson*, 2013 WL 3199094, at *1; *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

### B.     Dismissal for Failure to Prosecute

Rule 41(b) permits a district court to dismiss an action for failure to prosecute.  Although the language of Rule 41(b) is permissive and merely authorizes a motion by defendants, a court may dismiss a case pursuant to Rule 41(b) *sua sponte. See Lyell Theatre Corp. v. Loews Corp.*,

682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit has made clear that dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). "Nonetheless, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell*, 682 F.2d at 42.

When considering whether to impose such a remedy, courts must consider the following five, non-dispositive factors: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). In weighing the fifth factor, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

**III.    Discussion**

The Report weighed each of the five *Drake* factors in recommending dismissal. *See* Report at 2. Bell's objections fail to take aim at any of the Report's findings, even when viewed through the lenient lens generally accorded *pro se* parties' objections. *See Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017). Instead, the objections principally apologize to the Court for the delays and explain that the COVID-19 pandemic has been generally challenging for society. True as that is, Bell fails to explain concretely whether or how the pandemic precluded him from pursuing the case he

4

brought before this Court. At most, Bell states that "he self quarantined for several periods since March 13, 2020"—but that, without more, does not justify his functional abandonment of this case for years. *See* Dkt. 66 ¶ 4. And Bell's general reference to "debilitating neck and back injuries during calendar year 2020," *id.* ¶ 5, is too unspecified to enable the Court to find that any of the *Drake* factors favor Bell or were misapplied in the Report. Thus, the Court finds that Bell's objections are not "specific and clearly aimed at particular findings in the magistrate judge's report" as would justify, even for a *pro se* party, *de novo* review. *See Kelly*, 2017 WL 3995623 at *2. Reviewing for clear error, the Court finds none in Judge Wang's well-reasoned Report.

However, for avoidance of doubt and with solicitude to Bell's *pro se* status, the Court holds that, even on *de novo* review, the *Drake* factors would support dismissing Bell's case for failure to prosecute. First, as Judge Wang noted, Bell failed to move for default judgment for almost two years after obtaining certificates of default. And Bell never objected to Judge Wang's July 2020 order denying his motion to amend—which he submitted in lieu of a motion for default judgment—notwithstanding Judge Wang's having granted his multiple requests to extend the deadline by which to do so. The Second Circuit has explained that even "a delay of a 'matter of months' can potentially warrant dismissal." *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672–73 (2d Cir. 2012) (summary order) (citing *Lyell*, 682 F.2d at 43). Second, Judge Wang repeatedly notified Bell that he needed to file a motion for default judgment. *See* Dkts. 49, 51, 57, 60. And he was specifically instructed in both August 2019 and July 2020 that failure to timely file a motion for default judgment could result in a recommendation of dismissal for failure to prosecute. Dkts. 51, 60.

The final three factors, too, favor dismissal. Virtually no progress had been made in the three years during which this Court has presided over it—again, in spite of Judge Wang's patient grants of requests to extend filing deadlines and admonitions that the case could be dismissed if progress remained sluggish. *See Feng Chen v. Patel*, No. 16 Civ. 1130 (ATS) (DA), 2019 WL 2763836, at *15 (S.D.N.Y. July 2, 2019) ("[H]aving presided over this case for three years, 'the court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases.'") (quoting *Persaud v. Forest Recovery Servs., LLC*, No. 15 Civ. 5808, 2016 WL 8136611, at *2 (E.D.N.Y. Dec. 12, 2016), *report and recommendation adopted*, (E.D.N.Y. Jan. 3, 2017)). And, particularly in light of its recommendation that the action be dismissed without prejudice, the Report well balances the Court's need to manage its docket against Bell's opportunity to be heard. *See Dinkins v. Ponte*, No. 15 Civ. 6304 (PAE) (JCF), 2016 WL 4030919, at *4 (S.D.N.Y. July 26, 2016), *report and recommendation adopted* ("However, in light of the plaintiff's *pro se* status, and so as not to deprive him of his day in court, I recommend that his complaint be dismissed without prejudice.") (citing *Haynie v. Department of Correction*, No. 15 Civ. 4000 (PAC) (SN), 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for failure to provide mailing address "without prejudice so that [the plaintiff] has every opportunity for a day in court")). Finally, given Bell's non-compliance, the Report justifiably viewed that a lesser sanction than dismissal would not be effective. Report at 3.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Wang's April 12, 2021 Report and Recommendation in its entirety and dismisses this case without prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: February 24, 2022
        New York, New York